09-2154-ag
Dong v. Holder

BIA
Balasquide, IJ
A 099 930 780

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand nine.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

ZHIHUI DONG,
> *Petitioner*,

v.                                    09-2154-ag
                                      NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Yan Wang, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Jennifer L. Lightbody,
                         Senior Litigation Counsel; John S.
                         Hogan, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhihui Dong, a native and citizen of China, seeks review of the April 30, 2009 order of the BIA affirming the September 26, 2007 decision of Immigration Judge ("IJ") Javier E. Balasquide denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhihui Dong*, No. A 099 930 780 (B.I.A. April 30, 2009), *aff'g* No. A 099 930 780 (Immig. Ct. N.Y. City Sept. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Dong does not challenge the IJ's findings that: (1) he provided inconsistent

2

explanations regarding his wife's failure to mention his detention or hospitalization in her December 2006 affidavit; (2) contrary to Dong's assertion that he did not mention his detention and hospitalization in his asylum application because he did not have documents to support the claim, such documents were in the record; and (3) medical records that Dong submitted indicating that he was beaten on the morning of July 7, 2003 were inconsistent with his testimony that he was in fact beaten more than ten days earlier.  Thus, he has waived any challenge to those findings, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 546 n.7 (2d Cir. 2005), and they stand as valid bases for the IJ's adverse credibility determination.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

With regard to the findings that Dong does challenge, each was proper.  Dong argues that his failure to mention his beating, detention, or hospitalization in his original asylum application does not support an adverse credibility finding because "when he first applied, his wife's forced abortion by itself served as a basis for him to obtain asylum, but then a change in the Circuit case law made it necessary to discuss his own persecution."  However, as the

IJ noted, the application specifically asked whether Dong was arrested or detained while he lived in China, and Dong answered "no." Therefore, even if Dong did not believe that he was required to establish that he was personally mistreated in order to be eligible for relief, the IJ did not err in finding that he "provided false information in his original application for political asylum." *See Cheng Tong Wang v. Gonzales*, 449 F.3d 451, 453 (2d Cir. 2006). Furthermore, although Dong argues that any inconsistency between his testimony and the supporting documentation regarding his wife's payment of a fine to family planning authorities was a "minor and insignificant point," under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that the asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Ultimately, the IJ's credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165. Therefore, the IJ did not err in denying Dong's application for asylum,

4

withholding of removal, and CAT relief because the only evidence that Dong would be persecuted or tortured depended on his credibility.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk